No. 21,945.

F. T. THORN, *Appellee*, v. F. A. DINSMOOR, *Appellant*.

SYLLABUS BY THE COURT.

1. CONTRACT — *Not to Practice Law within Certain City*·— *Contract Valid.* A law student who is about to apply for admission to practice may lawfully buy a law business and library, and enter into a contract that the seller will not practice law in the town where the library is located, and the failure of the law student to be·admitted upon the first examination will not void the contract, admission being granted at the second examination.

2. SAME—*Violation of Contract.* The finding that the contract involved herein had been violated was sustained by sufficient evidence.

Appeal from Sumner district court; OLIVER P. FULLER, judge. Opinion filed February 8, 1919. Affirmed.

*James Lawrence, Earl J. Taggart,* both of Wellington, and *F. A. Dinsmoor,* of Caldwell, for the appellant.

*C. E. Elliott,* and *W. M. Ready,* both of Wellington, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued to enjoin the defendant from practicing law at Caldwell, by reason of a contract to refrain therefrom, which was made when the defendant sold to the plaintiff his law library and law business. The contract was in writing, and the plaintiff has paid the purchase price of $2,500. The defendant admitted that, to some extent at least, he had practiced law at Caldwell, but contended that the written contract had been abrogated by a subsequent verbal arrangement. He also claims that the original contract was void because when made the plaintiff had not been admitted to practice.

We see no reason why a law student who is about to be admitted to practice may not purchase the library and business of a practicing attorney. The fact that in this instance the purchaser was refused admission upon his first examination does not destroy or impair his rights under the contract which the defendant made with him, and for which he was paid in full, the plaintiff in the meantime having been admitted.

The defendant, while claiming that the written contract was superseded by a verbal agreement, nevertheless testified, among other things—

"By the Court:   Q. Why did n't you intend to practice in Caldwell? A. Well, bceause I had a regard for this agreement with Mr. Thorn. I did n't want to go there and open up in competition; I had regard for that—always have had; I did n't want to do that; I did n't want to open up there; I did n't intend to; I did n't have a library nor any equipment.

.   .   .   .   .   .   .   .   .   .   .   .   ..

"If you went to Caldwell and did n't intend to go into practice, if you had regard for this contract, how do you claim now that the contract is abrogated?   A. I had always thought it was abrogated; I had always thought that, but at the same time I had sold my law business to Mr. Thorn and I did n't—I had strained every nerve I had to establish him and I wanted him to make good.   I did n't want to interfere with.   I had that feeling there.   I went over there—fact is I went back to Caldwell on account of other business arrangements that come to me depending on another oil well development down there.

.   .   .   .   .   .   .   .   .   .   .   .

"Q. You just said that you did n't come back to Caldwell for the purpose of engaging in the law business, but that you were appointed district agent for some insurance company, but that incidentally you expected to take any law business that might come to you?   .   .   . Did n't you say that?   A. I said that incidentally if anybody came to me with a law case I expected to take it.

"Q.. You have been doing that since you came back?   A. To some extent."

The plaintiff testified that no agreement was ever made between Mr. Dinsmoor and himself, outside of the written contract, and when the defendant was asked if the contract was abrogated, he answered that nothing was said about it, that they simply formed a partnership.

The trial court came to the conclusion that the contract was not abrogated, and that it had been violated by the defendant, and whatever the difference in views between the parties may be, the record furnishes sufficient evidence to sustain the conclusion reached by the trial court.

The judgment, therefore, is affirmed.